VÉLEZ ET AL., PLAINTIFFS AND APPELLEES, *v.* ROSELLÓ BROTHERS ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in Injunction Proceedings.

No. 1741.—Decided March 8, 1918.

ATTACHMENT—PREFERRED RIGHTS—CUSTODIA LEGIS.—The preferred rights of persons who first caused the marshal of a municipal court to levy an attachment on certain merchandise to answer for the payment of a debt in their favor, are clear as against those of a third person who levied a subsequent attachment on the same merchandise through the marshal of a district court, if when the second attachment was levied the merchandise was in the possession of a custodian appointed by the marshal of the municipal court and, therefore, *in custodia legis* and under the control of the marshal who appointed the custodian; and the other marshal cannot sell the merchandise in such a case although he may recognize the preferred rights of the first lienor.

ID.—MARSHAL—MINISTERIAL POWERS.—A marshal is an official whose powers are ministerial and he should execute orders of attachment issued by a court without passing upon the preference of rights.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellants.

*Mr. José Q. Torres Salaberry* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On July 27, 1917, José Vélez and Rufino Rivera, residents of Salinas, filed a petition in the District Court of Ponce for an injunction against Roselló Brothers and Domingo Mattei, praying that an order issue to the marshal of the District Court of Guayama restraining him from carrying out the sale of the merchandise levied on in an action of debt brought in the said court by the firm of Roselló Brothers against Domingo Mattei and at the same time stopping the publication of the notices of sale until the termination of the actions pending in the Municipal Court of Salinas brought by Vélez and Rivera against the said Mattei, in which the same merchandise had been attached previously. In support of their petition the said Vélez and Rivera alleged, among other things, that if the sale were made they would have to renounce a right acquired prior to that of Roselló Brothers, rendering ineffective the judgment which might be rendered in their favor in said actions and obliging them in any event to institute a series of suits which would prejudice their interests.

The Ponce court set a day for the defendants to appear before it and show cause why the preliminary injunction should not be granted as prayed for and at the same time ordered that if security were given by the plaintiffs the defendants and the marshal of the District Court of Guayama, personally or by agent, would be restrained from executing the judgment and carrying out the sale advertised by the said marshal in execution of the judgment rendered in the

action of debt between Roselló Brothers and Domingo Mattei. The plaintiffs furnished the security required.

The firm of Roselló Brothers opposed the petition for an injunction and the Ponce court, by its order of October 3, 1917, granted the preliminary injunction prayed for as to the merchandise referred to, allowing Roselló Brothers to execute their judgment on any other property belonging to defendant Domingo Mattei. The said firm appealed from that order to this court.

The order appealed from is sustained by the facts alleged in the petition for an injunction and by the substance of the evidence examined.

Those facts are as follows:

José Vélez brought an action against Domingo Mattei in the Municipal Court of Salinas to recover the sum of $373.80, and in order to secure the effectiveness of the judgment he moved for and was granted a writ of attachment, in execution of which the marshal of said court attached the goods which the defendant had in his mercantile establishment in in the same town of Salinas.

About the same time Rufino Rivera filed another complaint against the said Domingo Mattei in the same municipal court of Salinas for the recovery of $150, and in order to secure the effectiveness of the judgment, the marshal, by order of the court, levied a second attachment on the goods in the mercantile establishment of Domingo Mattei.

Roselló Brothers filed a complaint of intervention in each action.

After filing the said two complaints the firm of Roselló Brothers brought an action of debt against Domingo Mattei in the District Court of Guayama and after judgment by default had been rendered the plaintiffs moved for a writ of execution and was granted an order under which the marshal made a third levy on the same goods which had been attached in the actions brought against Mattei by Vélez and Rivera.

In the return on the writ of execution issued in the case of Roselló Brothers against Domingo Mattei, dated April 27, 1917, the marshal of the District Court of Guayama stated that the goods levied on were found in the custody of José Vélez, one of the former plaintiffs, who, upon being requested to give them up so that they might be placed in the custody of Guillermo Roselló, refused absolutely to do so and continued to hold possession of the said goods, and that having notified the marshal of the Municipal Court of Salinas of the subsequent levy, he informed him that the surplus or balance remaining after the liquidation of the goods levied on, in case they were sold at public auction, should be left at the disposal of the District Court of Guayama for delivery to Roselló Brothers or their attorney.

On a motion made by Roselló Brothers to the District Court of Guayama for the sale of the goods levied on, the said court ruled on May 12, 1917, that notice thereof should be given to Domingo Mattei and his creditors, José Vélez and Rufino Rivera who made the previous attachments, so that they might appear within five days to oppose the motion if they were so advised, it being understood that "in case they should fail to appear the motion would be sustained and an order entered for the sale of said goods at public auction and the deposit of the proceeds in court in accordance with the law."

José Vélez and Rufino Rivera opposed the said motion, alleging that the attachments made in their behalf in actions before the Municipal Court of Salinas antedated the levy made by Roselló Brothers in the action brought by them in the District Court of Guayama; that the goods levied on were such that they would not deteriorate in value if the sale were deferred until the pending suits were disposed of, and, that, on the other hand, the interests of Vélez and Rivera would be impaired by the sale as prayed for.

The record does not show the exact terms in which the Guayama court disposed of the said motion, but the plead-

ings reveal that the sale was ordered and that an order to that effect was issued to the marshal of the District Court of Guayama, which order was stayed by the granting of the injunction by the District Court of Ponce.

Both in opposing the injunction and in their brief filed in this court, the appellants allege that the interests of José Vélez and Rufino Rivera would not be impaired in any way by the sale of the goods levied on by the said firm, nor would said rights arising from former attachments be affected, inasmuch as the marshal of the District Court of Guayama left the goods levied on in the custody of the same person who held them, José Vélez; that the rights of each of the plaintiffs under the law are determined in the said record and it was the duty of the marshal of Guayama to reserve from the proceeds of the sale the amount claimed by Vélez and Rivera and pay over the balance to Roselló Brothers, either as payment in whole or in part of their judgment against Mattei, according to the result of the liquidation.

The attorney for José Vélez and Rufino Rivera replied to the said allegation that the notices of sale contained no advice that the proceeds of the sale of the goods would be applied first to the payment of the amounts due to Vélez and Rivera, and that if such statement had been included the petition for an injunction made to the District Court of Ponce would have been superfluous.

We are of the opinion that the superiority of the rights of José Vélez and Rufino Rivera over those of Roselló Brothers by reason of the priority of their attachments is clear in view of the fact that when the goods were levied on by Roselló Brothers they were left in the possession of the custodian to whom they had been entrusted by the marshal of the Municipal Court of Salinas and were therefore in *custodia legis* under the control of the said marshal and not in the custody of the District Court of Guayama. *Oronoz & Co.* v. *Alvarez,*

23 P. R. R. 497. And such rights were recognized by the marshal of the District Court of Guayama himself when he informed the marshal of the Municipal Court of Salinas that the surplus or balance remaining after the liquidation of the proceeds of the sale, if made at public auction, should be left at the disposal of the District Court of Guayama for delivery by its marshal to Roselló Brothers or their attorney.

But the sale of the merchandise by the marshal of the District Court of Guayama, without having it under his control, would defeat the rights of Vélez and Rivera to have the sale made by the marshal of the Municipal Court of Salinas and the proceeds thereof first applied to the payment of their claims, although the resulting balance were to be applied to the payment in whole or in part of the claim of Roselló Brothers.

In any event, as Roselló Brothers have not proved that the sale to be made by the marshal of the District Court of Guayama was subject to the condition that the proceeds thereof should be first applied to the payment of the claims of Vélez and Rivera, the interests of the latter might have suffered, for the marshal is an officer whose powers are ministerial and he is required to comply with the orders of the court without deciding as to priority of rights. He would have had to apply the proceeds of the sale first to the payment of the claim of Roselló Brothers, under whose judgment the sale was ordered. The doctrine laid down in the case of *Auffant* v. *Succession of Ramos,* 23 P. R. R. 385, is not applicable to the present case, for the facts in the one are distinct from those in the other.

The decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.